## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**MARY ANN ISOM et al.**                                                                     **PLAINTIFFS**

**v.**                                  **CIVIL ACTION NO. 3:07-CV-431-H**

**OFFICER ROGER RAMSEY**                                                **DEFENDANT**

### MEMORANDUM OPINION

Plaintiffs, Mary Ann Isom, Marcus Eugene Isom, Harrison Isom and Yvette Adonnis Isom, filed a *pro se*, *in forma pauperis* complaint under 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). As set forth below, the Court will dismiss certain claims and allow other claims to proceed.

### I. SUMMARY OF CLAIMS

Plaintiffs allege that Yvette and Mary Ann Isom were disturbed at home by three policemen, including Defendant Officer Roger Ramsey of the Elizabethtown City Police Department, a white male who, allegedly, bordered on belonging to a "neo-nazi group." They allege that Officer Ramsey struck Yvette Isom when her guard was down and that Yvette Isom had not been read her rights. They also allege that Officer Ramsey mistakenly and falsely charged Mary Ann Isom, a black female, with resisting arrest and assault. According to the complaint, Mary Ann Isom did nothing but call "ECP" and followed up with the FBI.[1]

As relief, Plaintiffs request monetary and punitive damages of $10 million each, injunctive relief in the form of "relocating family to another state," and a restraining order against "ECP" for not having a warrant and being untrained to handle a mental patient.

---

[1] Elsewhere in the complaint, Plaintiffs state "date of occurrence March 2, 2007."

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

### *Marcus and Harrison Isom*

Although Marcus and Harrison Isom are listed as Plaintiffs in the caption of the complaint, the complaint contains absolutely no allegations that they were wronged by Defendant in any manner. "Standing is 'the threshold question in every federal case.'" *Coyne v. Am. Tobacco Co.*,

2

183 F.3d 488, 494 (6th Cir. 1999) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). To satisfy the standing requirement of Article III of the Constitution, a plaintiff must show, among other things, that he has "suffered some actual or threatened injury due to the alleged illegal conduct of the defendant." *Id.* Further, the plaintiff may not assert claims that are not personal to him. *Coal Operators & Assoc., Inc. v. Babbitt*, 291 F.3d 912, 915-16 (6th Cir. 2002). Here, the complaint alleges no wrong-doing against Marcus or Harrison Isom, and neither Marcus nor Harrison Isom have standing to raise a claim on behalf of the other plaintiffs, Mary Ann and Yvette. Consequently, by separate order, Plaintiffs Marcus and Harrison Isom will be dismissed as Plaintiffs in this action for failure to state a claim. *See id.* at 915 ( "[S]tanding to sue . . . is a jurisdictional requirement.").

### *Mary Ann and Yvette Isom*

Plaintiffs do not indicate in which capacity they sue Officer Ramsey. Because Plaintiffs reference Officer Ramsey in the context of his official position, the claim will be construed as brought against Officer Ramsey in his official capacity. *See Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (en banc) (where § 1983 plaintiff fails to affirmatively plead capacity in the complaint, the Court looks to the course of proceedings to determine whether the Sixth Circuit's concern about notice to the defendant has been satisfied).

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). However, municipal departments, such as police departments, are not suable under § 1983. *Compare Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (holding that a police department may not be sued under § 1983). In this situation, it is the City of Elizabethtown that is the proper defendant in this case. *Smallwood v. Jefferson County*

*Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). Further, a municipality is a "person" for purposes of § 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). The Court will therefore construe the official-capacity claims against Officer Ramsey as brought against the City of Elizabethtown. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Here, Plaintiffs' allegations involve lack of training. "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its

4

inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). A plaintiff must prove "that a training program is inadequate to the tasks that the officers must perform; that the inadequacy is the result of the city's deliberate indifference; and that the inadequacy is 'closely related to' or 'actually caused' the plaintiff's injury." *Hill v. McIntyre*, 884 F.2d 271, 275 (6th Cir. 1989).

In the instant case, Mary Ann and Yvette Isom have alleged that a policy or custom was behind the alleged constitutional violations in alleging that a restraining order is needed against ECP for being "untrained to handle mental patient." Consequently, the Court will allow Plaintiff Mary Ann and Yvette Isom's claims against Officer Ramsey in his official capacity to go forward.

### III. CONCLUSION

The Court will enter a separate order dismissing Marcus and Harrison Isom as Plaintiffs. The Court also will enter a separate scheduling order governing Mary Ann and Yvette Isom's claims against Officer Ramsey, which the Court has interpreted as being against the City of Elizabethtown, and which the Court will allow to go forward. In permitting those claims to go forward, the Court passes no judgment on the merits or ultimate outcome of this case.

Date:


cc:    Plaintiffs, *pro se*
        Defendant
4412.009