## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**MARY ANN ISOM et al.**                                                              **PLAINTIFFS**

**v.**                                                 **CIVIL ACTION NO. 3:07-CV-431-H**

**OFFICER ROGER RAMSEY**                                      **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Defendant Roger Ramsey has filed two motions for summary judgment against Plaintiff Mary Ann Isom (DNs 34 and 49).[1] For the following reasons, the Court will grant summary judgment in Defendant's favor.

### I. STATEMENT OF FACTS

The complaint listed as Plaintiffs Mary Ann Isom, her daughter Yvette Isom, and her son Harrison Isom. The complaint alleges that on March 2, 2007, Yvette and Mary Ann Isom were disturbed at home by three policemen, including Defendant Officer Roger Ramsey of the Elizabethtown City Police Department, a white male who, allegedly, bordered on belonging to a "neo-nazi group." They allege that Officer Ramsey struck Yvette Isom when her guard was down and that Yvette Isom had not been read her rights. They also allege that Officer Ramsey mistakenly and falsely charged Mary Ann Isom, a black female, with resisting arrest and assault. According to the complaint, Mary Ann Isom did nothing but call "ECP" and followed up with the FBI.

As relief, the complaint requests monetary and punitive damages of $10 million each, injunctive relief in the form of "relocating family to another state," and a restraining order against

---

[1] Those motions also requested summary judgment against Yvette Isom. However, since those motions were filed, the Court has dismissed Yvette Isom as a plaintiff because she has failed to keep the Court apprised of her address, thereby making it impossible for mailings from the Court or Defendant to be served on her.

"ECP" for not having a warrant and being untrained to handle a mental patient.

In his first motion for summary judgment, Defendant argues that Plaintiff Mary Ann Isom had relinquished her claims in this case by filing a document indicating her desire to close this case; that Plaintiffs had failed to prosecute the case by answering interrogatories or requests for production of documents or by propounding discovery requests; and that, based on his affidavit attached to the summary-judgment motion, Defendant had not breached the standard of care and was therefore entitled to summary judgment. Specifically, in his affidavit, he averred that he did not falsely charge Plaintiff with resisting arrest or assault.

Defendant Ramsey has filed another motion for summary judgment based on Plaintiffs Mary Ann and Yvette Isom's failure to answer discovery, particularly requests for admissions (DN 49). Plaintiff Mary Ann Isom has twice been given the opportunity to respond to Defendant's motions for summary judgment and has not done so.

## II. ANALYSIS

**A. Summary-judgment standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a

2

disputed factual element essential to his case with respect to which he bears the burden of proof. *Id*. If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id*. at 324 (internal quotation marks omitted, citing FED. R. CIV. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp. 214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id*. (internal quotation marks omitted). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.*

**B. Defendant's argument that Plaintiff Mary Ann Isom has relinquished her claims**

Defendant's first summary-judgment motion is premised in part on the fact that Plaintiff

3

Mary Ann Isom filed a letter indicating that it was her desire to dismiss the claims in this case. However, after the Court ordered Plaintiff Mary Ann Isom to show cause whether she wanted to continue with this case (DN 39), Plaintiff Mary Ann Isom filed a motion entitled "Motion for Expedient Release of Funds Demanded," which the Court has interpreted as her indication that she does not wish to relinquish her claims in this case. Therefore, summary judgment on this ground is not appropriate.

**C. Defendant's argument that Plaintiff Mary Ann Isom has not prosecuted her claims and in particular has failed to respond to request for admissions**

In his first motion for summary judgment, Defendant argues that dismissal under Fed. R. Civ. P. 41 is appropriate because Plaintiff had not responded to discovery nor had she propounded discovery. In his second motion for summary judgment, Defendant argues that because Plaintiff has not responded to the requests for admissions, those admissions are deemed admitted. Therefore, according to Defendant, Plaintiff Mary Ann Isom has admitted that Defendant did not falsely charge her with resisting arrest or assault.

The Sixth Circuit has held that a party's failure to respond to an opponent's motion for summary judgment should not by itself warrant a grant of summary judgment. *Carver v. Bunch*, 946 F.2d 451 (6th Cir. 1991). The *Carver* court stated:

> As the Supreme Court has repeatedly held, "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." Additionally, under Rule 56(c) a party moving for summary judgment always bears the burden of demonstrating the absence of a genuine issue as to a material fact ... Although subsequent Supreme Court cases have redefined the movant's initial burden ... the requirement that the movant bears the initial burden has remained unaltered. More importantly for all purposes, the movant must always bear this initial burden regardless if an adverse party fails to respond. In other words, a

> district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden.

*Carver*, 946 F.2d at 454-55 (citations omitted).

Similarly, requests for admission which are deemed admitted by the default of a *pro se* litigant generally should not provide the sole basis for a grant of summary judgment unless the *pro se* litigant was advised of the consequence of failing to reply to the requests for admission. *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988); *see also Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266-67 (11th Cir. 2003).

Here, Plaintiff Mary Ann Isom is a *pro se* plaintiff who both defaulted on her opponent's request for admissions and neglected to answer her opponent's motions for summary judgment. Furthermore, Plaintiff has engaged in no discovery in this case and has not complied with the scheduling order entered in this case (DN 24).

Given the Sixth Circuit's admonition that failure to respond to a summary-judgment motion or to a request for admission alone should not provide the sole basis for summary judgment, the Court would not grant Defendant's summary-judgment motions on those grounds alone. However, here, the Court granted what it took to be Plaintiff Mary Ann Isom's request for an extension of time in which to respond to the summary-judgment motions. *See* DN 58. The Court's Order gave Plaintiff Mary Ann Isom an additional 30 days to respond to the summary-judgment motions and warned her that the Federal Rules of Civil Procedure require that the opponent of a supported summary-judgment motion must, by affidavits or otherwise, set out specific facts showing a genuine issue of trial and if not, summary judgment should, if appropriate, be entered against that party. Thus, Plaintiff was twice given an opportunity to respond to the

motions and was explicitly warned that summary-judgment should, if appropriate, be entered against her if she failed to respond.

Here, the Court finds that summary judgment in favor of Defendant Ramsey is appropriate. The memorandum in support of Defendant's first motion stated that Plaintiff Mary Ann Isom pleaded guilty to the charges of resisting arrest and assault, the very charges which she claims Defendant "falsely" brought against her. Defendant's affidavit avers that he did not falsely charge Plaintiff with resisting arrest or assault.

Under *Heck v. Humphrey*, 512 U.S. 477, 484 (1994), any civil rights claim which would necessarily call into question the validity of a criminal conviction is not cognizable until that conviction is reversed or otherwise vacated. The *Heck* Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (footnote omitted). If a ruling on a § 1983 claim would necessarily imply the invalidity of any outstanding criminal judgment against the plaintiff, the § 1983 claim must be dismissed, not for lack of exhaustion of state remedies, but because it is simply not cognizable until the criminal judgment has been terminated in the plaintiff's favor. *Id.* at 487. The requirement that the prior criminal action ended favorably for the accused "'avoids parallel litigation over the issues of probable cause and guilt . . . and it precludes the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting

resolutions arising out of the same or identical transaction.'" *Id.* at 484 (citation omitted).

Thus, in the present case, if this Court were to find for Plaintiff that Defendant falsely charged her with resisting arrest and assault, this would necessarily render her convictions invalid. "[C]ivil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments . . . ." *Id.* at 486. There is no evidence that Plaintiff's criminal convictions have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. Therefore, Plaintiff's action is not cognizable. *See Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005) (holding that success on excessive-force claim would necessarily imply the invalidity of state assault conviction as the struggle between plaintiff and defendants gave rise to both the assault conviction and the excessive-force claim); *Watkins v. Tenn. Dept. of Corr.*, 31 F. App'x 305, 305-06 (6th Cir. 2002) (affirming grant of summary judgment based on *Heck* favorable-determination bar because an award of damages would imply the invalidity of the plaintiff's confinement); *Abella v. Rubino*, 63 F.3d 1063, 1064-65 (11th Cir. 1995) (per curiam) (holding that the plaintiff's claim that defendants "knowingly and wilfully conspired to convict him falsely by fabricating testimony and other evidence against him" was barred by *Heck*); *Schreiber v. Moe*, 445 F. Supp. 2d 799, 812-13 (W.D. Mich. 2006) (granting summary judgment where false arrest claim barred by *Heck*).

Plaintiff Mary Ann Isom has failed to refute Defendant's arguments and also has failed to demonstrate the existence of a genuine issue of material fact. Therefore, Defendant is entitled to judgment as a matter of law.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Defendant's summary-judgment motions (DNs 34 and 49) are **GRANTED**.

**IT IS FURTHER ORDERED** that the motions filed by Plaintiff Mary Ann Isom (DNs 41 and 63) are **DENIED as moot**. The claims remain as to Plaintiff Harrison Isom.

Date:

cc:     Plaintiffs, *pro se*
        Counsel of record
4412.009