UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**MARY ANN ISOM et al.**                                                                **PLAINTIFFS**

**v.**                                                                **CIVIL ACTION NO. 3:07-CV-431-H**

**OFFICER ROGER RAMSEY**                                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

On September 29, 2009, the Court granted Defendant's motions for summary judgment against Plaintiff Mary Ann Isom (DN 66). Claims remain as to Plaintiff Harrison Isom. Approximately two months after summary judgment against her was granted, Plaintiff Mary Ann Isom filed notices of change of address (DNs 68 and 71), a request to have all "correspondence" since September 2009 resent to her new address, a request for extension of time to respond "since condition of being homeless had affected since leaving [prior address]" (DN 69), and a motion to among other things seal the contents of this case from that date forward (DN 70).

Defendant has moved to strike these notices and motions as tardy and immaterial since summary judgment has already been granted (DN 72).

First, the Court notes that approximately two weeks before granting summary judgment, Plaintiff Mary Ann Isom updated her address with the Court (DN 62). A copy of the Court's Memorandum Opinion and Order was sent to Plaintiff at that address and was not returned by the U.S. Post Office.

Defendant's first motion for summary judgment was filed on November 13, 2008. Plaintiff Mary Ann Isom did not file a response. Defendant filed his second motion for

summary judgment on May 13, 2009.  This motion informed the Court that Plaintiff Mary Ann Isom had failed to answer any discovery propounded by Defendant and also that Plaintiff Mary Ann Isom had not propounded any discovery on Defendant.  The Court generously interpreted a document filed by Plaintiff Mary Ann Isom outside of the 15-day reply time from the second motion for summary judgment as a request for an extension of time and, on July 14, 2009, the Court granted an extension of 30 days for Plaintiff Mary Ann Isom to file a response to the summary-judgment motions.  That document seemed to indicate that she required an extension of time for a VHS tape to be forwarded.  She still filed no response to the summary-judgment motions.  The Court granted Defendant's summary-judgment motions as to Plaintiff Mary Ann Isom on September 29, 2009.       The Court finds that Plaintiff Mary Ann Isom had ample opportunity to respond to Defendant's motions for summary judgment and that no further extension of time would be warranted.  The Court declines to interpret her recent filings as a request for reconsideration of the grant of the summary-judgment motions as she offers no reason as to why that Order was in error.  Therefore, Plaintiff Mary Ann Isom's motions filed after grant of summary judgment (DNs 69 and 70) are **DENIED as moot**.  The Court sees no reason that the motions and notices filed by Plaintiff Mary Ann Isom after the grant of summary judgment need to be stricken from the record.  Therefore, Defendant's motion to strike is **DENIED**.

       Additionally, the Court notes that a motion signed by Mary Ann Isom, which was filed prior to this Court's grant of summary judgment, remains as pending on this Court's

docket (DN 61). That motion is far from clear, but appears to request "diplomatic immunity" and a hearing before the Court. It is hereby **DENIED as moot**.

Date:

cc: Plaintiff Harrison Isom, *pro se*
    Mary Ann Isom
    Counsel of record
4412.009