UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

HARRISON ISOM                                                                                      PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:07-CV-431-H

CITY OF ELIZABETHTOWN                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Defendant has moved for summary judgment (DN 91). The Court will grant the motion for summary judgment for the following reasons.

## I. SUMMARY OF CLAIMS

Plaintiff, Harrison Isom, his mother Mary Ann Isom, his brother Marcus Eugene Isom, and his sister Yvette Isom sued Elizabethtown City Police Officer Roger Ramsey alleging that Officer Ramsey had struck Yvette when her guard was down without reading her her rights and falsely accused Mary Ann with resisting arrest and assault. The Court dismissed Plaintiffs Marcus and Harrison because the complaint contained no allegations that they were harmed by Defendant in any way. The Court later dismissed Yvette Isom as a plaintiff for failure to keep the Court apprised of her current address. Summary judgment against Plaintiff Mary Ann Isom has already been granted.

Plaintiff Harrison Isom asked for reconsideration of his dismissal from suit on initial review. The Court granted his request, allowing him to amend the complaint to allege that on March 2, 2007, Officer Ramsey of the Elizabethtown Police Department put his hands on him "without warrant" and pushed him. He further states that other damage suffered by him was that another officer told him that if he did not remove his body "from path" he would have him "arrested if I were to say any words."

## II. ANALYSIS

A.  **Summary-judgment standard**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The moving party's burden may be discharged by demonstrating that there is an absence of evidence to support an essential element of the nonmoving party's case for which he or she has the burden of proof. *Id.* Once the moving party demonstrates this lack of evidence, the burden passes to the nonmoving party to establish, after an adequate opportunity for discovery, the existence of a disputed factual element essential to his case with respect to which he bears the burden of proof. *Id.* If the nonmoving party will bear the burden at trial on a dispositive issue, the nonmoving party must go beyond the pleadings and by his own affidavits, "or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted, citing FED. R. CIV. P. 56(e)). If the record taken as a whole could not lead the trier of fact to find for the nonmoving party, the motion for summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Where the nonmoving party bears the burden of proof at trial, "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. The nonmoving party must do more than raise some doubt as to the existence of a fact; the nonmoving party must produce evidence that would be sufficient to require submission of the issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F. Supp.

214, 217 (E.D. Mich. 1990). The moving party, therefore, is "entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." *Id.* (internal quotation marks omitted). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *Id.*

**B.     Analysis**

In the summary-judgment motion, Defendant argues that on March 2, 2007, he and two other officers responded to a call from a neighbor at an apartment building in which Mary Ann Isom and her daughter Yvette were living. The neighbor had complained to the Elizabethtown Police Department that Yvette had tried to steal her car and had tried to run over her.[1]

Defendant argues that Officer Ramsey laid his hands on Plaintiff Harrison Isom when Plaintiff attempted to block the officers' progress down the hall to arrest Yvette and that doing so was reasonable due to the fact that Plaintiff was obstructing justice. Defendant asserts that the physical contact was merely incidental and was a reasonable use of force to effectuate a lawful and valid arrest. Thus, Defendant argues, Officer Ramsey's placing of his hands on Plaintiff Harrison was not a constitutional violation. Moreover, Defendant argues that Plaintiff Harrison has not alleged that a policy or custom was behind any alleged constitutional violation.

---

[1] According to the summary-judgment motion, four days later Yvette pleaded guilty to thrid-degree assault, second-degree criminal mischief, terroristic threatening and resisting arrest, and Mary Ann later pleaded guilty to assault and resisting arrest.

Defendant also argues that Plaintiff has not developed any proof to support individual-capacity claims against Officer Ramsey, that alternatively, Officer Ramsey's actions are protected by qualified immunity, that Plaintiff has not developed any proof for state-law claims for assault or battery, and that Plaintiff lacks standing to bring claims for alleged harm to his sister. Defendant also asserts that Plaintiff is not entitled to punitive damages and that he has failed to prosecute his claims. However, because Plaintiff Harrison made it very clear in his motion (DN 84) that he is only suing Officer Ramsey in his official capacity, there is no need for the Court to consider Defendant's argument that summary judgment is also appropriate for any claim against Officer Ramsey in his individual capacity.

Defendant attaches the affidavit of Officer Ramsey. Officer Ramsey avers as follows:

> 1. I, Roger Ramsey, am over eighteen (18) years of age, am employed by the city of Elizabethtown as a police officer, and am competent to testify to the matters set forth herein.
> 2. On March 2, 2007, three (3) Elizabethtown Police Department officers, including me, responded to 532 Bellwood Drive, Elizabethtown, Kentucky, an apartment building in which the Mary Ann Isom and her daughter, Yvette Adonnis Isom, were tenants. We were responding to a complaint by the Isom's neighbor that Yvette had attempted to steal a Toyota Corolla motor vehicle owned by Jennifer Bush and had tried to run over Ms. Bush when Ms. Bush had attempted to stop the theft.
> 3. Upon arriving at the Isom residence, I asked Mary if he could speak with Yvette. Mary asked Yvette what she had done now. I asked Harrison Isom how he was doing and he replied that he was getting ready for school. Harrison then said we could not go back into the apartment any further than the living room. I did lightly touch Harrison on his shoulder to redirect him to the left so the officers could proceed down the hallway. I also told Harrison that we were going to arrest Yvette.
> 4. While inside the residence talking to Harrison, Yvette reached through a doorway and "sucker-punched" me, hitting me in the nose with her fist.
> 5. After this punch, in an attempt to subdue her, I pushed Yvette onto a bed and she pulled the bedcovers over herself and flailed wildly. I did strike Yvette one (1) time in her upper body and one (1) time in

4

the head through the bedcovers in a continued attempt to subdue her. While I was attempting to subdue Yvette, Mary jumped me from behind and put me in a headlock with her right arm. She then struck me repeatedly with her left fist. Officer Scott York restrained Mary Isom.

6. Eventually, through the combined efforts of all of the officers, I was able to place handcuffs on Yvette. On her way to the police cruiser, Yvette was still highly agitated and screamed profanity at Ms. Bush and a witness stating "I'll f----- see you in court". While in the rear of a police cruiser, she kicked out the rear driver's side window with her foot. Yvette remained combative and was placed in a "restraint chair" at the Hardin County Jail.

7. I am trained to handle mentally ill or combative persons.

Plaintiff Harrison did not file a response to the summary-judgment motion *per se*. He did file a motion for this Court to strike Defendant's summary-judgment motion from the record (DN 94). In the denial of that motion the Court explained that to the extent that that motion offers arguments against granting summary judgment on behalf of Defendant, the Court will consider those arguments when it considered the summary-judgment motion.

In that motion, Plaintiff Harrison asserted that he has followed the deadlines to move the case along. He makes the following argument with regard to Officer Ramsey's affidavit,

> [in his affidavit] Ramsey asked if he could speak with Yvette, then Mary asked Yvette what she had done now. That is not true. Yvette was in bed when the officers arrived until she was arrested. Ramsey also claims he 'lightly touched' me on the shoulder. I would like to reiterate that he pushed me. I also asked him and Officer York to wait in the living room until I checked and say if she was decently dressed after Ramsey said he wanted to speak with Yvette. He did not tell me he wanted to arrest her. He said he'd like to talk to her.
>
> In statement 4 of Exhibit 1, the Defendant says Yvette reached through a doorway and "sucker punched" him while he was talking to me. This is false. After Ramsey pushed me and Mary he lunged onto Yvette's bed and repeatedly struck her. She did not know she was being arrested. She did not assault him.
> . . .
> In claim 7 of exhibit 2, Defendant says he is trained to handle mentally ill persons. I am claiming he was not on March 2, 2007 at the

5

fault of the City.

These statements are not in the form of an affidavit or a sworn statement. He does attach a sworn statement (although it does not state that it was given under penalty of perjury) in which he offers his account of the events in question. The only statement that Plaintiff Harrison makes against Officer Ramsey was that Officer Ramsey pushed him on the way back to the bedroom. He does not allege that he was physically harmed by this push.

Because Plaintiff sued Officer Ramsey in his official capacity, this suit is actually brought against the municipality for which Officer Ramsey works – the City of Elizabethtown. When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992).

"[C]onstitutional tort claims asserted by persons collaterally injured by police conduct who were not intended targets of an attempted official 'seizure' are adjudged according to substantive due process norms." *Claybrook v. Birchwell*, 199 F.3d 350, 359 (6th Cir. 2000) (citing *County of Sacramento v. Lewis*, 523 U.S. 833 (1998)). To establish a denial of fundamental substantive due process, a plaintiff must show that the defendant's conduct "shocks the conscience." *County of Sacramento v. Lewis*, 523 U.S. at 835; *see also Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006) (under Fourteenth Amendment, plaintiff must establish that defendant's conduct shocked the conscience).

Thus, where the defendant is afforded a reasonable opportunity to deliberate various alternatives prior to electing a course of action (*e.g.*, where corrections officials ignore an inmate's serious medical needs), the defendant's actions will be conscience-shocking if they were taken with "deliberate indifference" towards the plaintiff's federally protected rights. *Id.* In contrast, in a

6

rapidly evolving, fluid, and dangerous predicament which precludes the luxury of calm and reflective pre-response deliberation (*e.g.*, a prison riot), a public servant's "reflexive actions 'shock the conscience' only if they involved force employed 'maliciously and sadistically for the very purpose of causing harm' rather than 'in a good faith effort to maintain or restore discipline[.]'" *Id.* (internal citations and footnote omitted). The liberty protected by the due process clause of the Fourteenth Amendment "includes bodily integrity and is infringed by a serious, as distinct from a nominal or trivial, battery." *Alexander v. DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003) (internal citations omitted).

Here, the Court finds that the situation described by the complaint was of the latter kind, *i.e.*, a rapidly evolving situation in which officers had come to the Isom residence based on a report from a neighbor that Yvette Isom had attempted to steal the neighbor's car and run over her. Even considering the evidence in the light most favorable to Plaintiff, *i.e.*, that Officer Ramsey pushed Plaintiff as opposed to lightly touching him on the shoulder to redirect him, no reasonable jury could conclude that Officer Ramsey acted with conscience-shocking malice or sadism towards him as a bystander to his sister's arrest. Thus, no Fourteenth Amendment violation occurred. Because the Court finds that no constitutional violation occurred, it is not necessary to consider whether there was a municipal policy or custom that deprived Plaintiff of a constitutional right.

## III. CONCLUSION AND ORDER

For the foregoing reasons, Defendant is entitled to judgment as a matter of law. The motion for summary judgment (DN 91) is **GRANTED**.

Date:

cc:     Plaintiff Harrison Isom, *pro se*
         Mary Ann Isom
         Yvette Isom
         Marcus Eugene Isom
         Counsel of record
4412.009